# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LEON MCCOY (#13741)**     PLAINTIFF

v.     No. 4:06CV195-P-B

**OFFICER DIGGS, ET AL.**     DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Leon McCoy, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff alleges that he suffered a nosebleed on May 25, 2006, at about 5:00 p.m. The plaintiff suffers from Type I diabetes and requires insulin injections. He also suffers from hypertension, Hepatitis B, and Hepatitis C. The Tower Guard noticed that the plaintiff's nose was bleeding (the plaintiff had put tissue in his nose to staunch the bleeding) and asked the plaintiff if he needed treatment. The plaintiff declined, telling the guard that he would wait and see if the bleeding stopped on its own. When the bleeding seemed to stop, the plaintiff removed the tissue from his nose and tried to sleep, but the bleeding resumed at about 10:30 p.m. The plaintiff summoned Officer Diggs, who said he would call the prison hospital at Unit 42. Officer Johnson arrived several minutes later with an ice pack. Diggs told the plaintiff that the medical staff at Unit 42 had prescribed ice to stop the bleeding, and the plaintiff applied the ice. The

plaintiff filled out a sick call request form that night and visited the Unit 42 hospital the next day. Dr. Lehman examined the plaintiff and prescribed a shot of Procrit to stop the bleeding. The plaintiff asked about the call the night before – particularly why the plaintiff had originally been prescribed an ice pack, given his history of diabetes and Hepatitis. Dr. Lehman told the plaintiff, "Leon, no one called the hospital last night about you. I was on [shift] all last night." The Procrit was effective, and the plaintiff's nosebleed subsided.

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct.

662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Assuming that the facts alleged in the instant complaint are true, the plaintiff's allegations fail to state a claim upon which relief could be granted. The plaintiff is understandably angry that Officer Diggs fabricated the story about his call to Unit 42 hospital. This fabrication, however, merely delayed the plaintiff's treatment until the next day. The treatment the plaintiff received the following day for his nosebleed was effective, and the plaintiff suffered no harm from the delay. As the delay caused the plaintiff no adverse consequences, the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of March, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE